AO 91 (Rev. 11/11) Criminal Complaint

FILED
VANESSA L. ARMSTRONG, CLERK
MAY 09 2014
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

United States of America
v.
Aaron TAYLOR

*Defendant(s)*

Case No. 3:14 mj - 238

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 12, 2014 in the county of Jefferson in the Western District of Kentucky, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm by a person previously convicted of felony |

This criminal complaint is based on these facts:

See attached affidavit of ATF SA Kenneth M. Stengel

☑ Continued on the attached sheet.

M. Stengel
*Complainant's signature*

ATF Special Agent Kenneth M. Stengel
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/09/2014

*Judge's signature*

City and state: Louisville, Kentucky

United States Magistrate Judge Dave Whalin
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Kenneth Stengel, being duly sworn, depose and state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and has been so employed since 5-27-2008. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses in Title 18, United States Code, Section 2516(1). Affiant is a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program, and the ATF National Academy in Glynco, GA. Prior to being employed with ATF, affiant was employed as a Probation and Parole Officer with the Kentucky Department of Corrections, and was so employed for approximately two years. Affiant has specialized in investigations involving firearms trafficking and the possession of firearms by federally prohibited persons. Affiant received specialized training on these subjects from the ATF and has been personally involved in numerous investigations concerning the possession, use, and trafficking of firearms.

I make this affidavit in support of the issuance of a criminal complaint, charging Aaron TAYLOR (DOB: XX/XX/1982, SSN: XXX-XX-0315, 6'1", 350 lbs., B/M) with the offense of possession of a firearm by a person previously convicted of felony, in violation of 18 U.S.C. § 922(g)(1). The information contained in this affidavit details a summary of the investigative efforts that led to the probable cause relevant to the alleged criminal activity of TAYLOR, and is based on my personal involvement in the investigation, my training and experience, and information provided to me by other law enforcement officers. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to support the issuance of the requested criminal complaint.

1. TAYLOR has been the subject of an ongoing investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) which involves TAYLOR's suspected criminal possession of a firearm.

2. On February 11th, 2014, a federal search warrant was issued authorizing a search of the residence of Aaron TAYLOR, XXXX W. Market Street. On February 12th, 2014, ATF agents prepared to execute the search warrant. At approximately 1135 hrs, TFO Ruoff, S/A Olsen, and Affiant observed TAYLOR stop his vehicle at the corner of S. Longworth Avenue and W. Market Street in Louisville, Kentucky. Affiant initiated a stop of TAYLOR's vehicle. Affiant pulled in behind TAYLOR and activated the emergency lights. Affiant and TFO Ruoff walked up to TAYLOR's vehicle and asked TAYLOR to step out. Affiant placed TAYLOR in handcuffs. S/A Olsen went to the passenger side of the vehicle and addressed the person sitting in the front, right seat. At this time, the rest of the search warrant team arrived at the location.

3. On February 12th, 2014; at approximately 1145 hrs, the federal search warrant was executed at the TAYLOR's residence at XXXX W. Market Street. ATF Agents and TFO's secured the residence. Once the residence was secure, Affiant exited the residence to talk with Aaron TAYLOR. TAYLOR was in handcuffs, standing near the corner of S. Longworth Avenue and W. Market Street.

4. On the same date, at approximately 1144 hrs, Affiant advised TAYLOR that a search warrant was being conducted on TAYLOR's residence. Affiant then advised TAYLOR of his Miranda Rights. Affiant read the Advisement and Waiver of Miranda Rights to TAYLOR from a card Affiant keeps in his wallet. TAYLOR verbally acknowledged that he understood his rights. Affiant then read the line asking if he was willing to waive these rights and talk without a lawyer being present. TAYLOR answered yeah, and advised that there was only a small amount of personal use marijuana in his room. Affiant advised that TAYLOR should be honest, and let Affiant know if there was anything else in the room. TAYLOR again stated that there was only a small amount of marijuana. Affiant asked if TAYLOR had a gun. TAYLOR then stated there might be a gun. Affiant then asked where the gun was located. TAYLOR stated there was a gun in his room, between his mattresses.

5. Affiant went back inside the residence to check on the progress of the search. S/A Olsen found a Hi-Point, model C-9, 9mm pistol with serial number P1357286. This item was found under the mattress in TAYLOR's bedroom. TAYLOR's Kentucky identification card was found in the room. The firearm was loaded with three rounds of 9mm ammunition. S/A Olsen also found two (2) rounds of .32 caliber ammunition and one (1) round of .380 caliber ammunition in the top drawer of the dresser in of TAYLOR's bedroom. DEA TFO Parks located four individually wrapped bags of green leafy substances, believed to be marijuana, on top of the mattress in TAYLOR's bedroom.

6. Affiant then continued his interview with TAYLOR. TAYLOR informed Affiant that he got the firearm three to four days ago from a junkie. TAYLOR paid the (unidentified) junkie $40 dollars for the firearm, which included the ammunition. TAYLOR stated he did not know if the gun was stolen. TAYLOR stated he knew the gun worked because he saw the pin work, and it was not filed down. TAYLOR stated he got the firearm after an altercation that took place when a man hit his niece at the White Castle located at 7th (Street) and Algonquin (Parkway). TAYLOR stated the police were called as a result of the altercation. TAYLOR stated that he had the firearm for protection from the person that he had the altercation with at the White Castle.

7. TAYLOR stated he uses weed, but does not have any type of prescription for his marijuana use. TAYLOR stated he occasionally uses cocaine. TAYLOR stated he does not deal drugs. TAYLOR asked if this had anything to do with the police stop that happened when he drove that girl to the post office. Affiant asked if there was a pending case that resulted from the stop. TAYLOR stated there was not. TAYLOR stated he drove a girl to the post office, she went in, but did not come out with anything. TAYLOR stated they left, and then were stopped down the road. The police did not find anything during the stop. TAYLOR stated there may be two scales in his room. Affiant asked why he had scales if he did not sell drugs. TAYLOR stated the scales were to make sure he did not get ripped off when buying marijuana.

8. The interview ended at approximately 1240 hrs. Affiant took several breaks in the interview to check on the progress of the search. TFO Ruoff was present when Affiant repeated the statements TAYLOR made to Affiant. TAYLOR affirmatively acknowledged that Affiant properly recorded the information TAYLOR provided.

9. Affiant requested records maintained by the Kentucky Department for Libraries and Archives and learned Aaron TAYLOR was sentenced on 06/21/1999 in Jefferson County for Facilitation to Murder (2 counts) and Complicity Robbery I (2 counts) and sentenced to serve a total of

fifteen years in prison with the sentences being concurrent. 18 USC 922(g)(1) states that it shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition.

10. On February 12th, 2014, Firearms Interstate Nexus Expert S/A George Huffman viewed the Hi-Point 9mm semiautomatic pistol model C9 serial number P1357286 at the request of the affiant. S/A Huffman rendered an interstate nexus opinion based on the examination of the firearm, research, knowledge and experience that the firearm was manufactured in Ohio and was not manufactured in the Commonwealth of Kentucky. Therefore the firearm traveled in interstate or foreign commerce. It is the opinion of S/A Huffman that the above weapon is a firearm under federal law, and if the firearm was received and/or possessed in the Commonwealth of Kentucky it traveled in or affected interstate/foreign commerce.

11. On March 31st, 2014; Affiant conducted a function test of the Hipoint model C9, 9mm pistol with serial number P1357286. The aforementioned firearm was tested fired by removing the projectile and gunpowder from the casing and leaving only the outer casing and primer intact. One (1) round of 9mm ammunition was selected for the test fire of the Hipoint model C9. The test fire proved that the firearm functioned properly as designed.

Kenneth M. Stengel
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed to and sworn to before me this 09th day of ~~March~~ May, 2014

~~JAMES D. MOYER~~ Dave Whalin
United States District Magistrate Judge
Western District of Kentucky